JOSEPH GUNNELL *v.* S. W. GREEN ET AL:

**Judgment—Filing Away With Leave to Re-docket.**

Where a cause with the judgment and sale under it and the confirmation of the sale have been filed away with leave to re-docket, the court has no longer any power over the judgment, and the only means of annulling or modifying it after the expiration of the term at which it was rendered, is by appeal or petition in the nature of a bill of review.

**Judgment—Setting Aside—Consent.**

Where defendants in an original petition did not consent that the sale under the judgment should be set aside, their failure to answer the amended petition did not constitute such consent.

**Pleading—Defects Cured by Amended Petition.**

If an original petition is still in court without judgment, an amended petition may cure defects therein, but cannot do so after judgment has been rendered upon it.

APPEAL FROM SCOTT CIRCUIT COURT.

December 13, 1873.

OPINION BY JUDGE PRYOR:

There was no proceeding in court to amend the original petition, with a judgment and sale under it, as well as a confirmation of the sale, having been filed away with leave to re-docket, etc. The power of the court over the judgment no longer existed; and the only means of annulling or modifying it after the expiration of the term at which it was rendered, was by an appeal to this court or by an original petition in the nature of a bill of review. The court might have ordered the execution of the deed, as there was no one interested in it but the purchaser. The defendants, in the original

petition had not consented that the sale should be set aside; nor did their failure to answer the amendment constitute this consent. If the original petition was still in court without judgment, the amended petition might cure the defects therein, if any exists; but such an amendment will not be presented to make the original petition good, after judgment has been rendered upon it. If so, the court below is allowed to exercise a power that belongs exclusively to this court.

The original defendants have the right to appeal; but if this amended pleading is sustained, this right must, in effect, be denied them, as the amendment cures the defect. They are necessary parties to any proceedings against Price and Green, as these last named parties purchased from them. It may be insisted that the original proceedings cannot affect the rights of Price and Green; and whilst this may be practically so, they have the right to look to the original cause of action to see how it is, and from what source the appellant derives his right to amend. This original cause of action being finally disposed of, and the power of the court over it no longer existing, where both parties are to be affected by it, the appellant must institute an original proceeding in order to obtain the possession or enforce his rights against the vendee of Williamson & Shirley.

We would hesitate to tolerate a practice, even if not strictly error, that would present such an anomaly in judicial proceedings. The demurrer was properly sustained, as it appeared on the face of the amended pleading that no relief could be given in the proceeding adopted by the appellant.

Judgment affirmed.

*Prewitt, for appellant.*

*Darnaby, for appellees.*